```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
AIRTON MAGALHAES                )
       Plaintiff,              )
                               )
            v.                 )   Civil Case No.
                               )   11-12251-NMG
JANET NAPOLITANO, ERIC HOLDER, )
Jr., ALEJANDRO MAYORKAS        )
       Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In an action brought under the Administrative Procedures Act ("APA"), plaintiff Airton Margalhaes ("Margalhaes") seeks review of the United States Citizenship and Immigration Services ("USCIS") revocation of an I-140 Petition for Alien Worker ("I-140").

I. **Statutory Framework**

Under the Immigration and Nationality Act an alien seeking admission to the United States based on an offer of permanent employment as a skilled worker may be classified under the "third preference" category. Before filing a petition with USCIS to classify an alien as an employment-based immigrant to perform skilled labor, an employer must obtain certification from the Department of Labor ("DOL") stating that there are no qualified, able and willing United States workers able to fill the

-1-

employer's job opening.

If DOL approves the employer's labor certification application, the employer may then file an I-140 petition with USCIS in order to request that the alien be classified as an employment based immigrant. If the I-140 is approved, the alien beneficiary may apply to adjust his status to become a permanent resident by filing a Form I-485 Application to Register Permanent Residence or Adjust Status ("I-485"). If the I-140 is revoked the petitioning employer may file an appeal of the USCIS decision with the Administrative Appeals Office.

## II.  Background

Magalhaes is a citizen of Brazil who currently resides in Everett, Massachusetts. Malgalhaes alleges that prior to entering United States, he worked for approximately five years at a bakery called Ouro Branco Ltd. Bakery & Confectioner ("Ouro") in the city of Conselheiro Pena in Minas Gerais, Brazil. On June 17, 2000, Mr. Magalhaes entered the United States on a B-2 visitor visa. He then began working for Kupel's Bake and Bakery, Inc. ("Kupel's") in Brookline, Massachusetts.

On April 17, 2001, Kupel's filed a labor certification application with DOL. The application was certified on April 25, 2002. On August 5, 2002, Kupel's filed an I-140 application which was approved by USCIS on March 25, 2003. Magalhaes then filed a I-485 application in April of 2003.

On August 27, 2008, USCIS issued a Notice of Intent to Revoke ("NOIR") indicating that USCIS planned to revoke the approved I-140 Petition.  The NOIR alleged that the employment verification letter from Ouro did not have a valid Cadastro Nacional da Pessoa Juridica ("CNPJ") number.  The CNPJ is a catalog of officially registered businesses in Brazil and is maintained by the Brazilian government.

Kupel's submitted a timely response to USCIS' NOIR and attached an affidavit by Magalhaes explaining that Ouro had closed in the 1990s and that the owner had since died.  He further attested that a friend in Brazil had attempted to obtain documents confirming the bakery's existence from the local town hall, however the friend was informed that once a business closes, the files are sent to a deactivated file department and only the owner or someone who represents the owner's legitimate interests can access them.

USCIS issued a final NOIR on March 2, 2009.  Kupel's did not appeal the decision.  On May 19, 2009, Magalhaes' pending I-485 application was denied based upon the revocation of the I-140 Petition.  Magalhaes was subsequently placed in removal proceedings.  After obtaining his current counsel, Magalhaes filed a motion to reopen and reconsider USCIS's decision to revoke the I-140 petition.  On November 1, 2011, USCIS denied the motion to reopen as untimely.

On December 19, 2011, Malgalhaes filed this suit against Secretary of the Department of Homeland Security Janet Napolitano, Attorney General Eric Holder and Director of USCIS Alejandro Mayorkas (collectively "the defendants") alleging violations of the APA and due process.  In March, 2012, the defendants moved to dismiss the Complaint on the grounds that Malgalhaes lacks standing to bring suit and that the Court lacks jurisdiction to review USCIS's discretionary determination to revoke the I-140 petition.

### III. **Motion to Dismiss**

#### A.   Standard

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  The Court assumes that all material allegations set forth in the complaint are true. See Mulloy v. United States, 884 F.Supp. 622, 626 (D.Mass. 1995); Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986). The averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and the claim will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." Williams, 784 F.2d at 433; Mulloy, 884 F.Supp. at 626.

### B.     Application

Defendants assert that the Court must dismiss the case because it lacks subject matter jurisdiction to review USCIS's decision to revoke the I-140 petition.  Defendants argue that the decision was committed to agency discretion under 8 U.S.C. § 1155 which states that the Attorney General

> may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition [for an immigrant visa].

Federal courts lack jurisdiction to review discretionary decisions under 8 U.S.C. § 1252(a)(2)(B)(ii), which provides in relevant part that

> no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]

Plaintiff argues that the phrase "good and sufficient cause" in § 1155 provides a statutory standard by which the Court may review the decision, thus making the decision not completely discretionary.

Although whether the Court has jurisdiction to review the revocation of an immigration petition appears to be a question of first impression in the First Circuit, seven other Circuit courts have held that the language of § 1155 "plainly signifies a discretionary decision." El-Khader v. Monica, 366 F.3d 562, 567 (7th Cir. 2004).  See also Mehanna v. USCIS, 677 F.3d 312, 313

(6th Cir. 2012); Green v. Napolitano, 627 F.3d 1341 (10th Cir. 2010); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009); Sands v. DHS, 308 F. App'x 418, 419-20 (11th Cir. 2009) (unpublished), cert denied, 130 S. Ct. 64 (2009); Ghanem v. Upchurch, 481 F.3d 222 (5th Cir. 2007); Julin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196 (3d Cir. 2006).  Courts finding that the decision is purely discretionary have focused on the fact that the inclusion of the words "may" and "at any time" clearly indicate that Congress intended the decision to be left to the Attorney General's discretion. E.g. Mohammad v. Napolitano, 680 F. Supp. 2d 1, 5 (D.D.C. 2009).  Furthermore, this Court believes that the First Circuit would adopt the majority approach.  See e.g. Midway Mfg. Co. v. Omni Video Games, Inc., 668 F.2d 70, 72 (1st Cir. 1981)(finding that the word "may" in a copyright statute establishes "a discretionary power").

Only the Ninth Circuit has found that § 1155 does not render the decision purely discretionary.  See e.g. ANA Int'l, Inc. v. Way, 393 F.3d 886, 898 (9th Cir. 2004).  This Court is, however, more persuaded by the dissent in ANA Int'l which noted that the majority opinion "fails to consider and give effect to" the words "what he deems to be" in § 1155, which clearly imply discretion. Id. at 897.  Having reviewed the plain language of § 1155, this Court concludes that by using the terms "may", "at any time", and "he deems" Congress sought to specify that the authority to make

revocation decisions was within the discretion of defendants. Although this Court finds the exercise of that discretion to be harsh and ill-advised under the circumstances, the decision is, nevertheless, outside the scope of this Court's review.

Having found that the Court lacks jurisdiction to review USCIS's determination to revoke the I-140 petition the Court need not reach the question of whether Magalhaes as a beneficiary had standing to challenge the denial of the petition.

### ORDER

According to the foregoing, the defendants' motion to dismiss (Docket No. 6) is **ALLOWED.**

**So ordered.**

                                             /s/ Nathaniel M. Gorton  
                                            Nathaniel M. Gorton  
                                            United States District Judge  
Dated March 8, 2013